## J. D. Thomas v. J. S. Ownby & Son.

### (No. 1566, Op. Book No. 2, p. 523.)

Error from Lamar County.   Opinion by Watts, J.

§ **1212.**  *Lien of mechanics and material men; construction of statute; necessary parties in suit to enforce.*  Defendants in error sued plaintiff in error, alleging that they had furnished to one Fristoe, who was building a house for plaintiff in error, material for the construction of said house to the amount in value of $164; that they had furnished plaintiff in error with an attested copy of their account, but did not allege when this attested copy was furnished.  Upon these allegations alone defendants in error sought to recover, and did recover, judgment against plaintiff in error for the full amount of their claim.  Plaintiff in error, in the court below, excepted specially to plaintiff's petition, on the ground that it appeared from the same that Fristoe was a necessary party to the suit.  The exceptions were overruled.  *Held*, under the statute [R. S. 3176, 3177, 3178], the owner of the building, plaintiff in error, was not rendered unconditionally liable by simply furnishing him with the attested account of defendants in error.  Such could not have been the legislative intent.  There may be many such creditors who thus deliver their accounts to the owner, and it may be that the amount he owes the contractor at the time of the delivery of the accounts would liquidate but an insignificant portion of each account.  It would be absurd, under such circumstances, to say that the delivery of the attested accounts to the owner rendered him absolutely liable for the whole amount of such accounts.  There must be an adjustment between the various claims as to the *pro rata* to be paid upon each; and it must be remembered that the contractor may have some defense to these accounts for material claimed to have been furnished to him.  The constitution guaranties to him a hearing before his property can be taken.  He is entitled

to his day in court, and if he is to be cut off from making a defense by his failing to give the notice of contest, as provided in the statute, it certainly devolves upon the party seeking thus to hedge him about to allege and prove the facts necessary to that end. It will be observed that, by the provisions of the statute, if the contractor gives the notice of contest within ten days after the claims are delivered to *him*, then the owner becomes a stakeholder and must await the result of a litigation between the material men and the contractor. This shows of itself that the contractor is a necessary party, except it be in case where he has failed to give the notice of contest within the time prescribed by law. It is therefore clear that if the material man should desire to sue the owner without joining the contractor, he must allege the facts that show the contractor has no interest in the controversy. Upon the face of the plaintiff's petition in this case the contractor Fristoe was a necessary party to the suit, and the court erred in not sustaining the special exceptions of appellant to the petition.

November 2, 1881.          Reversed and remanded.